United States District Court
for the
Southern District of Florida

| Diane Bradbury, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 21-20477-Civ-Scola |
| | ) | |
| NCL (Bahamas) LTD, a Bermuda Corporation, d/b/a Norwegian Cruise Line and others, Defendants. | ) ) ) | |

**Order Denying Motion to Dismiss and Motion to Strike**

Plaintiff Diane Bradbury brings this maritime negligence action against Defendant NCL (Bahamas) Ltd. ("NCL") for injuries sustained when she fell on the NCL *Gem*. (Am. Compl., ECF No. 6.) NCL has filed a motion to dismiss the amended complaint as a shotgun pleading in violation of Rule 8 of the Rules of Civil Procedure. (ECF No. 10.) In the alternative, NCL requests that the Court strike paragraph 48 which alleges seven examples of prior similar incidents. Bradbury opposes the motion arguing that the amended complaint is not a shotgun pleading and provides NCL with notice of the facts comprising the claims against it; and avers that striking paragraph 48 is not justified. (ECF No 11.) NCL timely replied. (ECF No. 12.) After careful consideration, the Court **denies** NCL's motion to dismiss and **denies** NCL's motion to strike. **(ECF No. 10.)**

1. **Background**

Bradbury and her wife, Pam Kus, boarded the NCL *Gem* on November 8, 2019. (ECF No. 6 ¶ 20.) The vessel departed from Boston, Massachusetts. (*Id.*) That evening, at approximately 7:30 p.m., Bradbury fell and hit her head on an interior deck staircase between the 6th and 7th floors. (*Id.* ¶ 21.) The fall caused Bradbury to lose consciousness and experience fluttering of her eyes. (*Id.*) NCL personnel responded to the scene of the accident while Bradbury remained on the floor. (*Id.* ¶ 22.) Kus, who witnessed the Plaintiff's fall, explained to NCL personnel that Bradbury had fallen and was unconscious. (*Id.*) At the time NCL medical personnel responded to the scene, the vessel was on the outskirts of the Port of Boston, Massachusetts. NCL personnel assisted Bradbury from the floor and into a wheelchair and transported her to the shipboard medical center. (*Id.* ¶ 24.) Kus reported the fall to the shipboard medical personnel, including the fact that she had hit her head and had been unresponsive. (*Id.*)

Despite knowing the circumstances of Bradbury's accident, NCL decided to continue on its voyage instead of returning back to the nearest port. (*Id.*) The NCL medical personnel did not perform a CT scan, a scan of the head of a patient performed in cases of head trauma, because it did not have the medical equipment to do so. (*Id.* ¶¶ 25-26.)

On November 10, 2019, Kus and Bradbury returned to the onboard medical center. (*Id.* ¶ 29.) Kus advised the medical personnel that since her fall Bradbury had developed a knot on her head, experienced headaches and nausea, and been unable to complete crossword puzzles or answer questions. (*Id.*) Doctors Gia Adamia and Francisco Nava, Defendants in this action, examined Bradbury. (*Id.*) They asked Bradbury if she knew where she was, to which Bradbury responded "you know." (*Id.* ¶ 30.) The doctors advised Bradbury to remain in the medical center. (*Id.*) Bradbury continued to become more confused and disoriented, and she urinated on the floor unaware of where she was. (*Id.*)

During the afternoon of November 10, 2019, Dr. Adamia called NCL's shoreside consultant medical services with the Cleveland Clinic of Florida. (*Id.* ¶ 35.) Dr. Adamia reported that Bradbury had fallen on November 8 and had experienced confusion, including forgetting her spouse's name, yet despite those symptoms generally looked well and complained of a mild headache. (*Id.*) That evening, NCL and its medical personnel decided to speed up the ship to evacuate Bradbury at the next port in St. Thomas. Bradbury was evacuated from the ship at approximately 10:00 p.m. on November 11, 2019. (*Id.* ¶ 38.) The hospital in St. Thomas was unable to treat Bradbury's condition and she was air lifted to Jackson Memorial Hospital in Miami, Florida. (*Id.* ¶ 42.) As a result of NCL and the medical personnel's negligence, Bradbury suffered permanent brain injury. (*Id.* ¶ 43.)

Bradbury filed this action against NCL on February 3, 2021 and has since amended the complaint as a matter of course. (ECF Nos. 1, 3, 6.) The operative complaint brings the following claims against NCL: (1) vicarious liability for the acts of its medical staff under theories of respondeat superior and apparent agency (Counts I, II); (2) negligent failure to evacuate Bradbury (Count V); (3) negligent hiring of onboard medical staff (Count VI); and (4) negligent provisioning and equipping medical facilities (Count VII). Bradbury contends that NCL knew or should have known about the dangers posed by negligent medical treatment, including the failure to timely evacuate emergency passengers, and offers seven examples of prior similar incidents. (*Id.* ¶ 48.)

## 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

## 3. Analysis

NCL moves to dismiss the complaint as a shotgun pleading and alternatively, requests that the Court strike paragraph 48, which lists the seven examples prior similar incidents. (ECF No. 10.) The Court addresses each argument below.

### A. The Amended Complaint is Not a Shotgun Pleading

NCL has moved to dismiss the amended complaint as an impermissible shotgun pleading and offers no additional basis for dismissal. (ECF No. 10 at 2-4.) NCL contends that the amended complaint is an impermissible shotgun pleading because every count realleges and incorporates by reference the same introductory factual allegations. The amended complaint, NCL argues, also impermissibly incorporates irrelevant facts into each count. NCL argues that these deficiencies makes it impossible for any of the Defendants to determine

what specific facts Bradbury intends to assert in support of her claims. (*Id.* at 4.)

The Eleventh Circuit has recognized four types of shotgun pleadings. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* NCL argues that the amended complaint constitutes the first or the second type of shotgun pleading. The Court disagrees.

Bradbury's amended complaint does not fall into the first category of shotgun pleadings because although all of the counts in the complaint incorporate almost every factual allegation in the complaint, none of the individual counts adopts the allegations in the previous counts. *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (holding that amended complaint did not constitute the first type of shotgun pleading because "although nine of the 19 counts incorporate almost every factual allegation in the complaint, none of them adopts the allegations in the preceding counts.").

Nor does the amended complaint constitute the second category of shotgun pleadings. NCL's motion seems to argue that if a complaint incorporates by reference multiple factual allegations into each count or includes some irrelevant allegations, the complaint is a de facto shotgun pleading and must be dismissed. This argument overlooks the heart of the matter. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Weiland*, 792 F.3d at 1323. Accordingly, the question before the Court is whether the amended complaint puts NCL on notice of the facts giving raise to the claims against it. The Court finds that it does.

Although the amended complaint includes some unnecessary factual allegations, such as pictures of NCL crew members and general analysis of the value using CT-scans, each negligence count is supported by sufficient facts that will put NCL on notice of the basis for those claims. Indeed, each count

contains factual allegations that: (1) NCL owed a duty to Bradbury; (2) NCL breached that duty; (3) the breach caused injury to Bradbury; and (4) Bradbury suffered harm. *See Irvin v. NCL (Bahamas) Ltd.*, No. 20-20929-CIV, 2020 WL 5937900, at *2 (S.D. Fla. Sept. 28, 2020) (Cooke, J.) (denying motion to dismiss complaint as shotgun pleading because each count in the complaint contained factual allegations supporting each element of that respective cause of actions); *see also Mollicone v. Universal Handicraft*, No. CV 17-21468-CIV, 2017 WL 5897438, at *3 (S.D. Fla. Nov. 29, 2017) (Scola, J.) (denying motion to dismiss on several grounds including shotgun pleading, explaining "[w]hile the Court recognizes that the substantive counts in the third amended complaint are not a model of drafting and reincorporate the allegations preceding them, the Court does not find that such a technical violation alone renders the third amended complaint so confusing as to justify dismissal in this case."). For example, Counts I and II allege negligent medical treatment under actual and apparent agency theories, respectively. The complaint allocates two separate sections to the facts that give rise to each theory of agency. (ECF No. 6 ¶¶ 49-56, 57-61.) Additionally, each count dedicates a section to the specific acts by the medical personnel which purportedly constitute negligent medical care. (*Id.* ¶¶ 66, 75.) Count V alleges negligent failure to evacuate Bradbury and incorporates facts regarding Bradbury's accident, the reported symptoms, the timeline of NCL's decision to evacuate her, and the reasons NCL's decisions fell short from the standard of care. (*Id.* ¶¶ 1-48, 97-98.) Count VI for negligent hiring alleges that NCL breached its duty to have competent shipboard doctors and medical personnel by failing to conduct investigations, calling references, and ensuring they had sufficient medical experience. (*Id.* ¶¶ 105-109.) Lastly, Count VII for negligent provisioning incorporates general factual allegations which put NCL on notice that it was allegedly negligent for failing to have a CT-scan or MRI equipment to enable the medical personnel to properly treat head injuries. (*Id.* ¶¶ 26, 115.) The Court finds that the amended complaint is not a shotgun pleading. Accordingly, NCL's motion to dismiss is **denied**. **(ECF No. 10.)**

### B. Motion to Strike

NCL argues, in the alternative, that paragraph 48 should be stricken because the alleged prior incidents are factually distinguishable from Bradbury's purported injury. (ECF No. 10 at 5-6.) Rule 12(f) allows the Court to "strike from a pleading ... any *redundant,* immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). However, "Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or time wasters, and are regularly "denied unless

the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (denying motion to strike under Rule 12(f)).

NCL argues that the prior incidents should be stricken because they are wholly unrelated to Bradbury's claims as they involve different types of injuries. (ECF No. 10 at 5-6.) NCL further argues that paragraph 48 is prejudicial because it charges it with notice of a history of failing to timely evacuate its passengers or provide adequate medical treatment. (ECF No. 12 at 5.) In response, Bradbury argues that although the alleged prior incidents involve different kinds of injuries such as broken ribs or pneumonia, they all relate to NCL's failure to competently treat medical conditions or timely evacuate emergent passengers, which are central to Bradbury's claims. (ECF No. 11 at 9-11.)

The Court finds that at this early stage of the case and without the benefit of evidence of prior incidents, the striking of paragraph 48 is not justified. Moreover, the alleged prior incidents are not prejudicial to NCL because they are just that—allegations. The filing of the amended complaint does not by itself establish that NCL had notice that it was providing negligent care or was negligent in deciding when to evacuate passengers. The parties may dispute the admissibility of the alleged prior incidents in motions in limine or at summary judgment. NCL's motion to strike is **denied. (ECF No. 10.)**

### 4. Conclusion

For these reasons, NCL's motion to dismiss is denied and NCL's motion to strike paragraph 48 is denied. **(ECF No. 10.)**

**Done and ordered** in Miami, Florida, on June 17, 2021.

_____
Robert N. Scola, Jr.
United States District Judge